UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PEDRAZA-VICTORIA, on his own
behalf, and on behalf of all similarly situated
individuals,

    Plaintiff,                                          Case No.: 8:18-CV-1556-CEH-JSS

v.

VILLA BELLINI RISTORANTE &
LOUNGE INC., a Florida corporation,
and VINCENT ADDONISIO, individually,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, DAVID PEDRAZA-VICTORIA ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 56 respectfully requests the entry of summary judgment in his favor as to Defendant Vincent Addonisio's liability for violations of the Fair Labor Standards Act ("FLSA"). All material facts are undisputed, and indisputably establish Vincent Addonisio is liable to Plaintiff for back wages for overtime hours worked but for which he was not paid his overtime rate. In support thereof Plaintiff states as follows:

## SUMMARY OF PLAINTIFF'S ARGUMENT

Plaintiff filed his Complaint against Defendants Villa Bellini Ristorante & Lounge Inc. (hereinafter "VBRL") and Vincent Addonisio (hereinafter "Addonisio") on June 28, 2018, seeking the recovery of unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, et al. (hereinafter referred to as the "FLSA"). (Dkt. 1). In response to Plaintiff's Complaint, Defendants filed their Answer and Affirmative Defenses. (Dkt. 13). On July 24, 2019 VBRL filed a Petition for relief under Chapter 11 of the United States Bankruptcy Code

thus staying the case against VBRL. (Dkt. 45). Therefore Plaintiff's summary judgment motion will reference Defendant Addonisio's, liability solely.

The material facts and law confirm that Plaintiff should have been paid overtime compensation for overtime hours worked. The material facts also confirm that Plaintiff was individually covered under the FLSA and that Defendant, Addonisio, is an employer under the FLSA. The basis for Plaintiff's lawsuit is that during his employment with VBRL, Plaintiff was at all times an hourly, non-exempt employee who was not paid time and a half his regular rate for all hours worked over 40 in one or more workweeks. Plaintiff has alleged Addonisio to be individually liable because he created, implemented, and enforced Defendant VBRL's illegal pay practices.

On June 28, 2019 Plaintiff served Defendants with his Requests for Admissions. Defendants failed to respond within 30 days. Consequently, any objections were waived and the admissions deemed admitted. There is now no disputed fact that Defendant VBRL is a covered enterprise and subject to the overtime requirements set forth in the FLSA (See Exhibit "A"). Concomitantly, Defendant Addonisio has admitted to the following Requests For Admissions:

1. Admit that during one or more weeks during Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours in one or more workweeks.
2. Admit that for those weeks that Plaintiff worked in excess of forty hours for Defendant, Plaintiff was not paid time and one half of his regular rate of pay for all of his hours over forty.
3. Admit that Defendant's failure to compensate Plaintiff at the rate of time and one-half for all of Plaintiff's hours worked in excess of forty (40) in a workweek constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. 201 et seq.
4. Admit that the records maintained by Defendant VILLA BELLINI RISTORANTE & LOUNGE, INC. do not provide Defendant with a basis for determining the precise number of hours worked by Plaintiff during each work week of Plaintiff's employ with Defendant.
5. Admit that the records maintained by Defendant VILLA BELLINI RISTORANTE & LOUNGE, INC. do provide Defendant with a basis for

2

      determining the precise number of hours worked by Plaintiff during each work week of Plaintiff's employ with Defendant.
6.  Admit that Plaintiff worked as an employee for Defendant VILLA BELLINI RISTORANTE & LOUNGE, INC. from at least April 2015 to January 2018.
7.  Admit that you had the authority to hire and fire Plaintiff.
8.  Admit that you are the Managing Member of VILLA BELLINI RISTORANTE & LOUNGE, INC.
9.  Admit that you had the authority to discipline employees of VILLA BELLINI RISTORANTE & LOUNGE, INC.
10.  Admit that you had the authority to discipline Plaintiff.
11.  Admit that you had the authority to set rates of pay for employees of VILLA BELLINI RISTORANTE & LOUNGE, INC.
12.  Admit that you had the authority to set rates of pay for Plaintiff.
13.  Admit that you had the authority to set schedules for employees of VILLA BELLINI RISTORANTE & LOUNGE, INC.
14.  Admit that you had the authority to set schedules for Plaintiff.
15.  Admit that you were regularly present at VILLA BELLINI RISTORANTE & LOUNGE, INC. during Plaintiff's employment.
16.  Admit you had control of VILLA BELLINI RISTORANTE & LOUNGE, INC.'s payroll.

  Thus, summary judgment is appropriate as to two issues: (1) that Plaintiff was individually covered under the FLSA; (2) that Addonisio was Plaintiff's employer under the FLSA and owes Plaintiff unpaid overtime wages.

## MEMORANDUM OF LAW

### I.  Summary Judgment Standard

  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *See Porter v. Ray,* 461 F.3d 1315, 1320 (11th Cir.2006) (citation omitted). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at

trial. *Id.* (citation omitted). When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See Id.* (citation omitted). "Summary judgment is proper only if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." *Jones v. Gulf Coast Health Care of Delaware, LLC*, 854 F.3d 1261, 1267 (11th Cir. 2017).

**II.    Plaintiff is Individually Covered Under the FLSA.**

"An employee is subject to individual coverage [under the FLSA] if he is directly and regularly "engaged in" interstate commerce." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011). In *Thorne v. All Restoration Services, Inc.*, the Eleventh Circuit held:

> Therefore, for an employee to be "engaged in commerce" under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* <u>regular and recurrent use of interstate telephone</u>, telegraph, mails, or travel.

448 F.3d 1264, 1266 (11th Cir. 2006) (emphasis added) (internal citations omitted).

It is undisputed that part of Plaintiff's job duties included handling goods such as food, napkins, silverware, appliance and restaurant equipment which had traveled in interstate commerce. *See* Plaintiff's Complaint (Dkt. 1) ¶¶ 18 and 25 and Defendants' Answer, Defenses and Counterclaim (Dkt. 13) ¶¶ 18 and 25. Plaintiff did not just occasionally perform this work; he regularly worked in the kitchen preparing food including cleaning the kitchen and restaurant on a daily basis. *Id.* As such, Plaintiff is individually covered under the FLSA. In addition, as discussed above, Addonisio and VBRL have both admitted that Plaintiff was entitled to overtime

compensation under the FLSA. *See* Plaintiff's Request for Admissions to Defendant Vincent Addonisio No. 3 and Plaintiff's Request for Admissions to Defendant VBRL No. 3. (Exhibit "A"). *See Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1177-78 (11th Cir. 2009) (citing *Hill v. Federal Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941). "Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them." Since Defendants have judicially admitted these facts, the only remaining issue is the amount Plaintiff is owed for all overtime hours worked. Therefore, summary judgment is appropriate to find that Plaintiff was individually covered under the FLSA.

### III. Vincent Addonisio is an Employer under the FLSA and Owes Plaintiff Unpaid Overtime Wages

At this time, the undisputed facts and law show that Defendant, Addonisio, meets the standard to be an employer under the FLSA. In *Josendis*, the Eleventh Circuit analyzed the definition of employer under the FLSA and held:

> The statutory definition of "employer" is similarly broad; it encompasses both the employer for whom the employee directly works as well as "any person acting directly or indirectly in the interests of an employer in relation to an employee." [29 U.S.C.] § 203(d). We have accordingly held that the FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment. *See Patel v. Wargo,* 803 F.2d 632, 637–38 (11th Cir.1986) (citing *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir.1983) (explaining that a person is derivatively liable if he is intimately involved in the day-to-day operations of an employer that would be directly liable under the FLSA)).

*Josendis*, 662 F.3d at 1298 (11th Cir. 2011).

Here, it is undisputed that Addonisio acted on behalf of the company and controlled the conditions of Plaintiff's employment. Mr. Addonisio has admitted he was Plaintiff's supervisor and boss; oversaw the business; had authority to hire and fire workers (including

5

Plaintiff); and had authority to set Plaintiff's pay and controlled VBRL's payroll. *See* Plaintiff's Request for Admissions to Defendant Vincent Addonisio Nos. 7-16. (Exhibit "A") Because of these undisputed facts, summary judgment is warranted to hold that Addonisio is an employer under the FLSA and owes Plaintiff unpaid overtime wages.

## CONCLUSION

No material fact disputes exist in regard to the issues described above and summary judgment is appropriate in Plaintiff's favor with respect to Addonisio's liability. Plaintiff has relied heavily on Addonisio's admissions and Answer to the Complaint to prove that summary judgment is proper. Therefore, for the reasons stated above, Plaintiff respectfully request this Court grant Plaintiff summary judgment on these issues and to order any other relief that is just and proper.

Dated this 6th day of September, 2019.

/s/ *Marc R. Edelman*
Marc R. Edelman, Esq.
Fla. Bar No. 0096342
MORGAN & MORGAN, P.A.
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-223-5505
Fax:  813-257-0572
MEdelman@forthepeople.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September, 2019, a copy of the foregoing was sent via electronic transmission and/or via U.S. Mail to the following:

Michael Brundage., Esq.
**BRUNDAGE LAW, P.A.**
100 Main Street, Suite 204
Safety Harbor, FL 34695
Telephone: (727) 250-2488

Email:  mpbrundagelaw@gmail.com;
diane797@gmail.com
*Counsel for Defendants*

                                    **/s/ *Marc R. Edelman***           
                                    Marc R. Edelman, Esq.