# EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID PEDRAZA-VICTORIA, on his own
behalf, and on behalf of all similarly situated
individuals

                       Plaintiff,                CASE NO.:  8:18-cv-1556-T-36JSS

      v.

VILLA BELLINI RISTORANTE &
LOUNGE, INC., a Florida Corporation,
and VINCENT ADDONISIO, individually,

                  Defendant.

_____/

## PLAINTIFF'S REQUEST
## FOR ADMISSIONS TO DEFENDANT
## VILLA BELLINI RISTORANTE & LOUNGE, INC.

       Plaintiff, DAVID PEDRAZA-VICTORIA, propounds the following Request for

Admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure, and requests

that Defendant, VILLA BELLINI RISTORANTE & LOUNGE, INC., respond to same in

accordance with the Definitions and Instructions provided herein.

       Dated this 28th day of June, 2019.

                                     **/s/ *Marc R. Edelman***
                                     Marc R. Edelman, Esq.
                                     Fla. Bar No. 0096342
                                     MORGAN & MORGAN, P.A.
                                     201 N. Franklin Street, #700
                                     Tampa, FL 33602
                                     Telephone 813-223-5505
                                     Fax:  813-257-0572
                                     MEdelman@forthepeople.com

**DEFINITIONS**

For Purposes of this Request for Admissions:

i.      "Plaintiff" refers to Plaintiff, DAVID PEDRAZA-VICTORIA.

ii.      "Defendant" and "you" and "your" refer to the Defendant, VILLA BELLINI RISTORANTE & LOUNGE, INC.

iii.      "Litigation" and "this Action" and "Complaint" refers to the above captioned action currently pending before the United States District Court, Middle District of Florida, Tampa Division, Case No.: 8:18-cv-1556-T-36JSS.

iv.      "Documents" shall mean the original or exact copies of any tangible written, typed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, finals, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, Photostatted, duplicated, carbon or otherwise copies or produced in any other manner whatsoever.  Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mail-grams, memoranda, including interoffice and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, and including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, booklets, books, drawings, graphs, telephone records, video cassettes, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained including but not limited to, any electronically stored data (ESI).  Copies of documents which are not identical duplications of the originals or which contain additions to or deletions from the originals, or copies of documents which are

identical duplications of the originals if the originals are not available, shall be considered to be separate documents.

      v.    "Communication" means any oral or written statement, dialogue, colloquy, discussions, or conversation, and also means any transfer of thoughts or ideas between person by means of documents and includes any transfer of data from one location to another by electronic or similar means.

      vi.    If not expressly stated, "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

      vii.    "Related to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

      viii.    The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

      ix.    "Identify" when used in reference to documents means to specifically state the type of document (e.g. letter, interoffice memorandum) and the following: (1) information sufficient to enable the inquirer to identify the document such as the nature of the document, the date, name or names of addressee(s), author(s) or recipient(s), name of signer(s), title or heading of the document and approximate number of pages.

## <u>INSTRUCTIONS</u>

1.      You must serve a written answer or objection to each Request within thirty (30) days after service of the request or else the matter is admitted.

2.      You must state the reasons for any objection. In the event you decline to respond to any Request on the basis of a claim of privilege, please state the privilege relied upon and the facts supporting such claim of privilege.

3.      You must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

4.      Any denial you make must fairly meet the substance of the Request, and when good faith requires you to qualify your answer or deny only a part of the matter for which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

5.      In the event a lack of information or knowledge is the reason for your failure to admit or deny, you must state that you made a reasonable inquiry and that the information known or readily attainable by you is insufficient to enable you to admit or deny.

6.      You must pay any expenses, <u>including legal fees</u>, under Federal Rule of Civil Procedure 37, incurred by the Plaintiff(s) to prove a matter which you improperly fail to admit.

## REQUEST FOR ADMISSIONS

1.      Admit that during one or more weeks during Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours in one or more workweeks.

2.      Admit that for those weeks that Plaintiff worked in excess of forty hours for Defendant, Plaintiff was not paid time and one half of his regular rate of pay for all of his hours over forty.

3.      Admit that Defendant's failure to compensate Plaintiff at the rate of time and one-half for all of Plaintiff's hours worked in excess of forty (40) in a workweek constitutes a violation of the Fair Labor Standards Act, 29 U.S.C.  201 et seq.

4.      Admit that the records maintained by Defendant do not provide Defendant with a basis for determining the precise number of hours worked by Plaintiff during each work week of Plaintiff's employ with Defendant.

5.      Admit that the records maintained by Defendant do provide Defendant with a basis for determining the precise number of hours worked by Plaintiff during each work week of Plaintiff's employ with Defendant.

6.      Admit that Plaintiff worked as an employee for Defendant from at least April 2015 to January 2018.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 28th day of June, 2019, a copy of the foregoing

was sent via electronic transmission and/or via U.S. Mail to the following:

Michael Brundage., Esq.
**BRUNDAGE LAW, P.A.**
100 Main Street, Suite 204
Safety Harbor, FL 34695
Telephone: (727) 250-2488
Email:  mpbrundagelaw@gmail.com;
diane797@gmail.com
*Counsel for Defendants*


/s/ ***Marc R. Edelman***
Marc R. Edelman, Esq.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DAVID PEDRAZA-VICTORIA, on his own
behalf, and on behalf of all similarly situated
individuals

       Plaintiff,    CASE NO.:  8:18-cv-1556-T-36JSS

   v.

VILLA BELLINI RISTORANTE &
LOUNGE, INC., a Florida Corporation,
and VINCENT ADDONISIO, individually,

       Defendant.

_____/

**PLAINTIFF'S REQUEST FOR**
**ADMISSIONS TO DEFENDANT VINCENT ADDONISIO**

   Plaintiff, DAVID PEDRAZA-VICTORIA, propounds the following Request for
Admissions pursuant to Rule 36 of the Federal Rules of Civil Procedure, and requests
that Defendant, VINCENT ADDONISIO, respond to same in accordance with the
Definitions and Instructions provided herein.

   Dated this 28th day of June, 2019.


           **/s/ Marc R. Edelman**_____
           Marc R. Edelman, Esq.
           Fla. Bar No. 0096342
           MORGAN & MORGAN, P.A.
           201 N. Franklin Street, #700
           Tampa, FL 33602
           Telephone 813-223-5505
           Fax:  813-257-0572
           MEdelman@forthepeople.com

## <u>DEFINITIONS</u>

For Purposes of this Request for Admissions:

i.      "Plaintiff" refers to Plaintiff, DAVID PEDRAZA-VICTORIA.

ii.      "Defendant" and "you" and "your" refer to the Defendant, VINCENT ADDONISIO.

iii.      "Litigation" and "this Action" and "Complaint" refers to the above captioned action currently pending before the United States District Court, Middle District of Florida, Tampa Division, Case No.: 8:18-cv-1556-T-36JSS.

iv.      "Documents" shall mean the original or exact copies of any tangible written, typed or other form of recorded or graphic matter of every kind or description, however produced or reproduced, whether mechanically or electronically recorded, draft, finals, original, reproduction, signed or unsigned, regardless of whether approved, signed, sent, received, redrafted, or executed, and whether handwritten, typed, printed, Photostatted, duplicated, carbon or otherwise copies or produced in any other manner whatsoever. Without limiting the generality of the foregoing, "documents" shall include correspondence, letters, telegrams, telexes, mail-grams, memoranda, including interoffice and intra-office memoranda, memoranda for files, memoranda of telephone or other conversations, and including meetings, invoices, reports, receipts and statements of account, ledgers, notes or notations, booklets, books, drawings, graphs, telephone records, video cassettes, electronic tapes, discs or other recordings, computer programs, printouts, data cards, studies, analysis and other data compilations from which information can be obtained including but not limited to, any electronically stored data (ESI). Copies of documents which are not identical duplications of the originals or which contain additions to or deletions from the originals, or copies of documents which are

2

identical duplications of the originals if the originals are not available, shall be considered to be separate documents.

v. "Communication" means any oral or written statement, dialogue, colloquy, discussions, or conversation, and also means any transfer of thoughts or ideas between person by means of documents and includes any transfer of data from one location to another by electronic or similar means.

vi. If not expressly stated, "control" means in your possession, custody, or control or under your direction, and includes in the possession, custody or control of those under the direction of you or your employees, subordinates, counsel, accountant, consultant, expert, parent or affiliated corporation, and any person purporting to act on your behalf.

vii. "Related to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

viii. The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope hereof any responses to interrogatories, documents, or communications, which might otherwise be construed to be outside the scope hereof.

ix. "Identify" when used in reference to documents means to specifically state the type of document (e.g. letter, interoffice memorandum) and the following: (1) information sufficient to enable the inquirer to identify the document such as the nature of the document, the date, name or names of addressee(s), author(s) or recipient(s), name of signer(s), title or heading of the document and approximate number of pages.

3

## <u>INSTRUCTIONS</u>

1.      You must serve a written answer or objection to each Request within thirty (30) days after service of the request or else the matter is admitted.

2.      You must state the reasons for any objection.  In the event you decline to respond to any Request on the basis of a claim of privilege, please state the privilege relied upon and the facts supporting such claim of privilege.

3.      You must specifically deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter.

4.      Any denial you make must fairly meet the substance of the Request, and when good faith requires you to qualify your answer or deny only a part of the matter for which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder.

5.       In the event a lack of information or knowledge is the reason for your failure to admit or deny, you must state that you made a reasonable inquiry and that the information known or readily attainable by you is insufficient to enable you to admit or deny.

6.      You must pay any expenses, <u>including legal fees</u>, under Federal Rule of Civil Procedure 37, incurred by the Plaintiff(s) to prove a matter which you improperly fail to admit.

## REQUEST FOR ADMISSIONS

1.      Admit that during one or more weeks during Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours in one or more workweeks.

2.      Admit that for those weeks that Plaintiff worked in excess of forty hours for Defendant, Plaintiff was not paid time and one half of his regular rate of pay for all of his hours over forty.

3.      Admit that Defendant's failure to compensate Plaintiff at the rate of time and one-half for all of Plaintiff's hours worked in excess of forty (40) in a workweek constitutes a violation of the Fair Labor Standards Act, 29 U.S.C.  201 et  seq.

4.      Admit that the records maintained by Defendant VILLA BELLINI RISTORANTE & LOUNGE, INC. do not provide Defendant with a basis for determining the precise number of hours worked by Plaintiff during each work week of Plaintiff's employ with Defendant.

5.      Admit that the records maintained by Defendant VILLA BELLINI RISTORANTE & LOUNGE, INC. do provide Defendant with a basis for determining the precise number of hours worked by Plaintiff during each work week of Plaintiff's employ with Defendant.

6.      Admit that Plaintiff worked as an employee for Defendant VILLA BELLINI RISTORANTE & LOUNGE, INC. from at least April 2015 to January 2018.

7.      Admit that you had the authority to hire and fire Plaintiff.

8.      Admit that you are the Managing Member of VILLA BELLINI RISTORANTE & LOUNGE, INC.

9.      Admit that you had the authority to discipline employees of VILLA BELLINI RISTORANTE & LOUNGE, INC.

10.     Admit that you had the authority to discipline Plaintiff.

11.     Admit that you had the authority to set rates of pay for employees of VILLA BELLINI RISTORANTE & LOUNGE, INC.

12.     Admit that you had the authority to set rates of pay for Plaintiff.

13.     Admit that you had the authority to set schedules for employees of VILLA BELLINI RISTORANTE & LOUNGE, INC.

14.     Admit that you had the authority to set schedules for Plaintiff.

15.     Admit that you were regularly present at VILLA BELLINI RISTORANTE & LOUNGE, INC. during Plaintiff's employment.

16.     Admit you had control of VILLA BELLINI RISTORANTE & LOUNGE, INC.'s payroll.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of June, 2019, a copy of the foregoing

was sent via electronic transmission and/or via U.S. Mail to the following:

Michael Brundage., Esq.
**BRUNDAGE LAW, P.A.**
100 Main Street, Suite 204
Safety Harbor, FL 34695
Telephone: (727) 250-2488
Email:  mpbrundagelaw@gmail.com;
diane797@gmail.com
*Counsel for Defendants*


                                        **/s/ *Marc R. Edelman*                    **
                                        Marc R. Edelman, Esq.