UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PEDRAZA-VICTORIA,

    Plaintiff,

v.                                                                                                       Case No: 8:18-cv-1556-T-36JSS

VILLA BELLINI RISTORANTE &
LOUNGE INC. and VINCENT
ADDONISIO,

    Defendants.
_____/

## **ORDER**

       This matter comes before the Court upon the Plaintiff's Motion for Summary Judgment (Doc. 53), Defendant Vincent Addonisio's response thereto (Doc. 60), and the parties' Joint Stipulation of Agreed Material Facts (Doc. 62). In the motion, Plaintiff argues that summary judgment should be granted as to Addonisio's liability for overtime pay under the FLSA because the evidence shows that Plaintiff is covered by the FLSA and Addonisio qualified as his employer. Doc. 60. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion for Summary Judgment.

**I.    BACKGROUND AND FACTS[1]**

        **A.    Procedural Background**

       Plaintiff David Pedraza-Victoria filed the Complaint and Demand for Jury Trial (Doc. 1) against Defendants Villa Bellini Ristorante & Lounge, Inc. ("Villa Bellini") and Vincent

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions and exhibits (Doc. 53; Doc. 60), as well as the parties' Stipulation of Agreed Material Facts (Doc. 62).

Addonisio, an officer of Villa Bellini, alleging one count for recovery of overtime compensation against both Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), and a second count alleging a collective action under the FLSA for similarly situated employees. Doc. 1. Villa Bellini is a restaurant that provides food and beverages to the general public and Pedraza-Victoria was employed by Villa Bellini. Doc. 1 ¶¶ 5, 20; Doc. 13 ¶¶ 5, 20.

In Defendants' Answer, Defenses and Counterclaim (Doc. 13), Villa Bellini admitted that its employees ran credit card transactions that transacted business in interstate commerce on a daily basis; handled goods such as food, napkins, silverware, appliance and restaurant equipment that have traveled in interstate commerce; and, during the times relevant to the Complaint, had an annual gross volume of sales made or business done of not less than $500,000. Doc. 1 ¶¶ 17-19; Doc. 13 ¶¶ 17-19. Addonisio did not make such admissions. Doc. 13 ¶¶ 17-19.

Villa Bellini also raised various counterclaims against Pedraza-Victoria. However, the instant Motion for Summary Judgment is not directed to Villa Bellini, which has since filed a Notice of Bankruptcy (Doc. 45), resulting in this action being stayed as against Villa Bellini (Doc. 46).

### B. Undisputed Facts

Pedraza-Victoria was an employee of Villa Bellini from April 2015 to January 2018. Doc. 62 ¶ 1. During that time, Pedraza-Victoria worked more than forty hours in one or more workweeks without being compensated at the rate of time and one-half for all such hours. *Id.* ¶¶ 2, 3.

From February 2015 to April 2015, Addonisio was the Vice President of Villa Bellini. *Id.* ¶ 6. He became the Chief Executive Officer of Villa Bellini in September 2016. *Id.* ¶ 7. For at least some portion of Pedraza-Victoria's employment, Addonisio had the authority to hire and fire

him. *Id.* ¶ 5. Additionally, at all times relevant to this action, Addonisio was authorized to discipline Villa Bellini's employees, as well as to set rates of pay and schedules for its employees, including Pedraza-Victoria. *Id.* ¶¶ 9-13. Addonisio also had control of Villa Bellini's payroll during all times relevant to this action. *Id.* ¶ 14.

### C. Plaintiff's Motion for Summary Judgment

Pedraza-Victoria moves for summary judgment on the issue of liability against Addonisio, arguing that Addonisio is individually liable because he created, implemented, and enforced Villa Bellini's illegal pay practices. Doc. 53 at 2. Plaintiff relies, in part, on his Requests for Admissions propounded on Defendants that Defendants failed to respond to and are deemed admitted (the "Admissions"). *Id.* Among the requests was a request that Addonisio "[a]dmit that Defendant's failure to compensate Plaintiff at the rate of time and one-half for all of Plaintiff's hours worked in excess of forty (40) in a workweek constitutes a violation of the [FLSA]." Doc. 53-1 at 12. In the Request for Admissions directed to Addonisio, "Defendant" was defined as Addonisio. *Id.* at 2.

Pedraza-Victoria argues that the Answer and Admissions establish that: (1) he is individually covered by the FLSA; and (2) Addonisio is his employer under the FLSA. Doc. 53. Addonisio responds that Pedraza-Victoria cannot rely on the Admission that Addonisio violated the FLSA because that request constituted a legal conclusion and was improper. Doc. 60 at 2.

## II. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the

initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex*, 477 U.S. at 323; *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

When the moving party has discharged its burden, the nonmoving party must then designate specific facts showing that there is a genuine issue of material fact. *Id*. at 324. Issues of fact are "genuine only if a reasonable jury, considering the evidence present, could find for the nonmoving party," and a fact is "material" if it may affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). In determining whether a genuine issue of material fact exists, the court must consider all the evidence in the light most favorable to the nonmoving party. *Celotex*, 477 U.S. at 323. However, a party cannot defeat summary judgment by relying upon conclusory allegations. *See Hill v. Oil Dri Corp. of Ga*., 198 Fed. Appx 852, 858 (11th Cir. 2006).

### III. DISCUSSION

The FLSA "requires employers who meet its preconditions to pay workers a minimum wage and to provide overtime pay where workers exceed forty hours per week." *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010). Section 207(a) of the FLSA mandates the overtime rate be one and one-half of the employee's regular rate for all hours worked in excess of forty. 29 U.S.C. § 207(a).

"To trigger liability under the FLSA's overtime and minimum wage provisions, a plaintiff must show: (1) an employee-employer relationship exists between the parties, and (2) he is 'covered' by the FLSA." *Cabreja v. SC Maint., Inc.*, No. 8:19-cv-296-T-33CPT, 2019 WL

2931469, at *3 (M.D. Fla. June 19, 2019), *adopted by*, 2019 WL 2929325 (M.D. Fla. July 8, 2019) (citing *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011)).

    A.    **Employer-Employee Relationship**

The FLSA defines an employee, subject to certain exceptions, as "any individual employed by an employer." *Id.* at 203(e)(1). An "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). "As defined, an employer is not only a company for whom the employee directly works but also 'any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment.' " *Carbreja*, 2019 WL 2931469, at *3 (quoting *Josendis*, 662 F.3d at 1298). "Whether an individual falls within [the definition of employer] 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.' " *Otero v. Medicomp, Inc.*, No. 6:16-cv-599-Orl-28GJK, 2013 WL 5854729, at *2 (M.D. Fla. Oct. 30, 2013) (quoting *Hodgson v. Griffin & Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir. 1973)).

"The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

However, individual liability is not limited solely to corporate officers. *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013) (stating that although the decision in *Wargo* recognized personal liability for officers, it did not limit personal liability to officers). In evaluating individual liability, courts examine the "economic reality of the relationship between the parties." *Id*. (quoting *Rodriguez v. Jones Boat Yard, Inc.*, 435 F. App'x 885, 887 (11th Cir.

5

2011)). Factors considered by the Court include "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* (quoting *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997)).

Here, Addonisio admitted that he (1) had the authority to hire and fire Pedraza-Victoria;[2] (2) had the authority to discipline employees of Villa Bellini, including Pedraza-Victoria; (3) had the authority to set rates of pay for employees, including Pedraza-Victoria; (4) had the authority to set schedules for employees, including Pedraza-Victoria; and (5) had control of Villa Bellini's payroll. Doc. 53-1 at 12; Doc. 62 ¶¶5, 8-14. Addonisio was also a Vice President of Villa Bellini when Plaintiff began working there, and became the Chief Executive Officer in September 2016. Doc. 62 ¶¶ 6-7.

Despite these admissions, Addonisio argues that Pedraza-Victoria is not entitled to summary judgment on the issue of an employer-employee relationship because Pedraza-Victoria did not address all of the affirmative defenses raised in the Answer. Doc. 60 at 3. At the summary judgment stage, the mere assertion of affirmative defenses on which the defendant has the burden, without supporting evidence, is insufficient to withstand the motion for summary judgment. *Limu Co., LLC v. Burling*, No. 6:16-cv-347-Orl-TBS, 2013 WL 3462327, at *6 (M.D. Fla. July 9, 2013) (stating that the defendants bore the burden of showing that their affirmative defenses were applicable to the plaintiff's motion for summary judgment, and that the defendants were required to point to sufficient facts in the record to support their affirmative defenses). Addonisio has not specifically pointed to any affirmative defense, or provided factual support for any such

---

[2] Pedraza-Victoria asserts that Addonisio had the authority to hire and fire other employees, but that is not shown by any evidence in the record. Doc. 53 at 5. Instead, the admissions relate only to the authority to hire and fire Pedraza-Victoria. Doc. 53-1 at 12; Doc. 62 ¶ 5.

affirmative defense, that would defeat Pedraza-Victoria's entitlement to judgment on the issue of the employer-employee relationship. He, therefore, has not met his burden as to proving any affirmative defense, and his defenses are not a bar to the entry of summary judgment. *Id.*

A review of the facts demonstrates that Addonisio exercised sufficient control over the employment practices of Villa Bellini and Pedraza-Victoria's employment to qualify as an employer under the FLSA. *Cf. Sumner v. Garner*, No. 6:18-cv-40-Orl-28GJK, 2019 WL 5188434, at *2 (M.D. Fla. June 26, 2019), *adopted by*, 2019 WL 5184636 (M.D. Fla. July 15, 2019) (finding individual liability under the FLSA on summary judgment where the individual had the authority to hire and fire employees, determine employees' work schedules, and controlled the finances and operations of the company); *Rubio v. Fuji Sushi & Teppani, Inc.*, No. 6:11-cv-1753-Orl-37TBS, 2013 WL 230216, at *5 (M.D. Fla. Jan. 22, 2013) (finding that the president of a company was individually liable where he was responsible for the company's operations, hired and fired employees, terminated the plaintiff, trained employees, controlled work schedules, kept pay records, and was responsible for employees' pay). Nonetheless, Pedraza-Victoria is not entitled to summary judgment on FLSA liability unless he also establishes coverage under the FLSA.

### B. FLSA Coverage

Pedraza-Victoria alleges individual coverage under the FLSA on the basis that he directly and regularly engaged in interstate commerce. "For individual coverage to apply under FLSA, [the plaintiff] must . . . provide[] evidence . . . that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (citing 29 U.S.C. § 207(a)(1)). A person is engaged in commerce where he works for an instrumentality of interstate commerce, such as transportation, or regularly uses the

instrumentalities of interstate commerce, such as using interstate telephone, telegraph, mails, or travel. *Id.*

Pedraza-Victoria argues that his handling of goods such as food, napkins, silverware, appliances, and restaurant equipment that have travelled in interstate commerce qualifies for individual coverage under the FLSA. Doc. 53 at 4. This Court has previously rejected an argument that this type of work qualifies for individual coverage under the FLSA. In *Pierre v. Little New Orleans 1 Kitchen and Oyster Bar, L.L.C.*, No. 6:15-cv-709-Orl-40DCI, 2017 WL 10902999, at *2 (M.D. Fla. Jan. 5, 2017), the plaintiff argued that he was individually covered under the FLSA "because he 'routinely and regularly handled food items that moved in the stream of commerce, including preparing various menu options that contain[ed] snow crab legs, non-native fish, and Cajun specialties,' and because he 'routinely and regularly used kitchen equipment, utensils, and cleaning products that moved in the stream of commerce.' " This Court found that "the mere fact that [the p]laintiff handled food or other items that previously traveled in interstate commerce [wa]s not enough to invoke the FLSA's individual coverage." *Id.* (citing *Martinez v. Palace*, 414 F. App'x 234, 246 (11th Cir. 2011)). Instead, individual coverage could only be established where "the employee use[d] the food or other items to produce goods that then travel[ed] in interstate commerce." *Id.*

To the extent that Pedraza-Victoria relies on Addonisio's admission that Pedraza-Victoria was entitled to overtime compensation under the FLSA, this reliance is improper. "[A] party may not request an admission of a legal conclusion." *Jones v. Wells Fargo Principal Lending, LLC*, No. CV 616-129, 2018 WL 1913527, at *2 (S.D. Ga. Apr. 23, 2018) (citing *In re Tobkin*, 578 F. App'x 962, 964 (11th Cir. 2014)). In his Motion for Summary Judgment, Pedraza-Victoria does

not argue any other basis for FLSA coverage. Because the evidence does not establish that FLSA coverage exists, the Motion for Summary Judgment must be denied. Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion for Summary Judgment (Doc. 53) is **DENIED.**

**DONE AND ORDERED** in Tampa, Florida on January 15, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any